1   David Martinez, Bar No. 193183
    DMartinez@robinskaplan.com
2   **ROBINS KAPLAN LLP**
    2049 Century Park East, Suite 3400
3   Los Angeles, CA  90067-3208
    Telephone:  (310) 552-0130
4   Facsimile:   (310) 229-5800

5   Attorneys for Plaintiff
    EPOD America, LLC, dba Dope
6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  EPOD America, LLC, dba Dope,          Case No. 2:18-cv-02143

12            Plaintiff,                  **COMPLAINT FOR:**

13       v.                               **(1)   FEDERAL TRADEMARK
                                          INFRINGEMENT AND
14  Beasty, LLC, dba Dopest Apparel Co.;  COUNTERFEITING (LANHAM
    Jahi Roosevelt, an individual; and    ACT, 15 U.S.C. § 1114);**
15  DOES 1-10,
                                          **(2)   FALSE DESIGNATION OF
16            Defendants.                 ORIGIN (LANHAM ACT, 15 U.S.C.
                                          § 1125(a));**

17                                        **(3)   FEDERAL TRADEMARK
                                          DILUTION (LANHAM ACT, 15
18                                        U.S.C. § 1125(c));**

19                                        **(4)   COMMON LAW AND
                                          STATUTORY TRADE NAME
20                                        INFRINGEMENT;**

21                                        **(5)   UNFAIR COMPETITION
                                          (CAL. BUS. & PROF. CODE §
22                                        17200);**

23                                        **(6)   COMMON LAW UNFAIR
                                          COMPETITION; AND**

24                                        **(7)   STATE TRADEMARK
                                          DILUTION (CAL. BUS. & PROF.
25                                        CODE § 14247)**

26                                        **DEMAND FOR JURY TRIAL**

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff EPOD America, LLC, dba Dope ("DOPE") hereby alleges and avers based on knowledge as to its acts and based on information and belief as to the acts of others, as follows:

### INTRODUCTION

1.      This is an action for willful trademark and trade name infringement, false designation of origin, dilution, and unfair competition arising from defendants Beasty, LLC's, dba Dopest Apparel Co.'s, and Jahi Roosevelt's (collectively referred as "Defendants") willful infringement of DOPE's trademarks, as well as its continued efforts to trade on DOPE's reputation and goodwill.  Defendants have brazenly sold and continue sell to infringing apparel notwithstanding several cease and desist demands, as shown below:

**Legitimate DOPE Apparel**          **Defendants' Infringing Apparel**



COMPLAINT FOR TRADEMARK
INFRINGEMENT AND COUNTERFEITING

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**Legitimate DOPE Apparel**          **Defendants' Infringing Apparel**





2.     Defendants' misconduct is likely to cause confusion and has caused

DOPE harm.  As a result, DOPE has no choice but to commence this action to

protect its valuable intellectual property and obtain legal redress for Defendants'

willful misconduct.

### THE PARTIES

3.     DOPE is a Delaware Limited Liability Company, whose headquarters

and principal business are located at 8455 Beverly Blvd., Suite 402, Los Angeles,

California  90048.  DOPE is a widely recognized designer and retailer of

contemporary and high end street-wear, including clothing, apparel, jewelry and

accessories.  DOPE sells its products through both an on-line retail store outlet

located at www.dope.com ("DOPE Website"), and a physical retail store located in

454 N. Fairfax Avenue, Los Angeles, California ("DOPE Store").

4.     DOPE is informed and believes and based thereon alleges that

defendant Beasty, LLC, dba Dopest Apparel Co. ("Dopest Apparel") is a California

Limited Liability Company whose principal place of business is located at 2392

Hanson Dr., Fairfield, California  94533.

5.     DOPE is informed and believes and based thereon alleges that

defendant Jahi Roosevelt, an individual, whose principal place of business is

located at 2392 Hanson Dr., Fairfield, California  94533.  Defendant Roosevelt

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1   owns and controls Dopest Apparel.  At all times wrongfully, knowingly and

2   intentionally authorized and approved Dopest Apparel's wrongful conduct outlined

3   herein and substantially participated in that conduct.  *Inter alia*, Defendant

4   Roosevelt repeatedly ignored cease and desist correspondence, concealed the true

5   corporate identity of Dopest Apparel to avoid suit, and knowingly directed Dopest

6   Apparel to continue to sell infringing apparel in the face of repeated cease and

7   desist demands.  As such, Defendant Roosevelt is personally liable for the wrongful

8   conduct of Dopest Apparel.

9         6.    Defendant engages in the retail and wholesale of street-wear apparel

10  and accessories through an online retail store.  Defendant does business with the

11  United States and the State of California and purposefully targets and markets its

12  products to United States consumers including through its websites

13  https://dopestapparelco.com/ and https://beastymerch.com/

14       7.    DOPE is unaware of the true names and capacities, whether individual,

15  corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, or

16  any of them, and therefore sues these Defendants, and each of them, by such

17  fictitious names.  DOPE is informed and believes and thereon alleges that each of

18  the DOE Defendants is responsible for the claims and damages alleged herein and

19  each DOE Defendant is jointly and severally liable with all other Defendants.

20  DOPE will seek leave of Court to amend this Complaint when the identities of

21  these Defendants are ascertained.

22       8.    At all relevant times, Defendants acted through their agents, members

23  and/or managing members.  At all relevant times each of the Defendants sued

24  herein, including the DOE Defendants, was the agent, ostensible agent, employee,

25  alter ego, and/or co-conspirator of each of the remaining Defendants and at all

26  times was acting within the purpose and scope of such agency, employment, and

27  conspiracy and with the knowledge, authorization, permission, consent and/or

28  subsequent ratification and approval of each co-defendant.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

## JURISDICTION AND VENUE

3        9.      This Court has original jurisdiction over the subject matter of this

4 action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.  The Court

5 has supplemental jurisdiction over the state law claims asserted herein under 28

6 U.S.C. § 1338(b) because they form some part of the same case or controversy

7 under Article III of the United States Constitution.

8        10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

9 because it is a judicial district in which a substantial part of the events giving rise to

10 the claims asserted herein occurred and/or a substantial part of the property that is

11 the subject or this action is situated.

12

13                        ## FACTUAL BACKGROUND

14 **A.       The DOPE Marks, Retail Store and Website**

15       11.     DOPE has been in the business of designing and selling contemporary

16 and high end street-wear fashion since July, 2007, and has emerged as a global

17 power in the industry, including worldwide sales and distribution.

18       12.     DOPE has used the Dope Couture trademark and trade name ("DOPE

19 Couture Mark") in interstate commerce since at least as early as January 1, 2008,

20 and the DOPE trademark and trade name ("DOPE Mark") since at least July, 2007

21 (collectively, "DOPE Marks").  At all times, DOPE has prominently displayed its

22 DOPE Marks in connection with fashion apparel sold in the DOPE Store and

23 DOPE Website.  Attached hereto as Exhibit A are true and correct copies of images

24 of DOPE's fashion apparel bearing the DOPE Marks.

25       13.     Since adopting the DOPE Marks, DOPE and/or its predecessor in

26 interest have continuously promoted and used the marks throughout the United

27 States in interstate commerce, and have expended considerable sums in exerting

28 every effort to maintain and develop the DOPE Marks.  As such, DOPE has created

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

substantial and extremely valuable goodwill among the purchasing public under the DOPE Marks.  As a result of DOPE's continuous and extensive use of the DOPE Mark, the mark has become and continues to function as its core business and marketing asset, and serves to indicate to the trade and consuming public the products originating from DOPE.

14.    DOPE's ongoing investment and effort to develop its intellectual property in the DOPE Marks since 2007 has resulted in widespread world-wide recognition of the DOPE Marks.  DOPE's Website featuring the DOPE Marks is widely known and recognized in the United States, in particular by consumers of street-wear fashion apparel.  This tremendous organic growth recognition reflects DOPE's substantial effort and expense in promoting the DOPE Marks.

15.    DOPE's world-wide recognition has also been fueled by its popularity with music recording artists.  Indeed, numerous world-renown artists have appeared in music videos, concerts and various public events wearing DOPE fashion, including the following industry giants:

1.    Eminem

2.    Diddy

3.    Ludacris

4.    Justin Bieber

5.    Lupe Fiasco

6.    Jay Z

7.    Miley Cirus

8.    The Game

9.    2Chainz

10.    Idris Elba

11.    Mike Will Made It

12.    Wale

13.    Wiz Khalifa

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND COUNTERFEITING

| | | |
|---|---|---|
| 14. | Sir Michael Rocks |
| 15. | Chris Brown |
| 16. | Waka Flocka Flame |
| 17. | Trinidad James |
| 18. | Sean Kingston |
| 19. | Juvenile |
| 20. | Kid Cudi |
| 21. | Ben Baller |
| 22. | Chevy Woods |
| 23. | Ab Soul |
| 24. | Kendrick Lamar |
| 25. | Mac Miller |
| 26. | Kelly Rowland |
| 27. | Lil Twist |
| 28. | Kid Ink |
| 29. | Big Sean |
| 30. | Freddie Gibbs |
| 31. | Laidback Luke |
| 32. | Mick Boogie |
| 33. | Doug Benson |
| 34. | Soulja Boy |
| 35. | Schoolboy Q |
| 36. | TiRon & Ayomari |
| 37. | Jeremih |
| 38. | Donnis |
| 39. | Currensy |
| 40. | Jamal Edwards |
| 41. | Tyga |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND COUNTERFEITING

1    42.    Alchemist

2    43.    CyHi The Prince

3    44.    King Chip

4    45.    Big Krit

5    46.    Fabolous

6    16.    By wearing DOPE fashion in public performances and appearances,

7    these artists have connected DOPE with their extensive fan base across the world,

8    bringing further world-wide fame and notoriety to DOPE and the DOPE Marks.

9    Indeed, DOPE has sold goods under its DOPE Marks to consumers worldwide, and

10   DOPE customers from across the world have visited the DOPE Store.  DOPE has

11   also enjoyed a tremendous fan base within the Los Angeles hip hop and street-wear

12   scene, and was the recipient of the prestigious CitySearch Award for Best Men's

13   clothing boutique in Los Angeles in December, 2012.

14   17.    In addition to establishing widespread common law trademark rights in

15   the DOPE Marks, DOPE is the owner of multiple U.S. Trademark Registrations for

16   the Dope Marks in connection with men's and women's fashion and jewelry, as

17   follows:

18   DOPEST

19   No. 4,264,389          IC25

20   No. 4,595,333          IC25

21

22   DOPE

23   No. 4,547,955          IC25

24   No. 4,403,067          IC25

25   No. 4,338,806          IC28

26   No. 4,387,143          IC14

27   No. 4,414,043          IC41

28   No. 4,442,533          IC25

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1    No. 4,529,585        IC25

2    No. 4,918,788        IC25

3

4    DOPE COUTURE

5    No. 4,075,682        IC25

6    No. 4,414,044        IC25

7

8    AUDACITY OF DOPE

9    No. 3,972,067        IC25

10

11   DOPE HOMME

12   No. 4,651,455        IC25

13

14   DOPE DENIM

15   No. 5,222,324        IC25

16

17   DOPE SPORT

18   No. 5,222,323        IC25

19

20        18.   Through such extensive use, advertising, marketing and promotion of

21   the DOPE Marks, DOPE has built up, at great expense and effort, a valuable

22   reputation and goodwill symbolized by its strong and distinctive marks.  By reason

23   of the adoption and continuous use of the DOPE Marks in U.S. interstate

24   commerce, DOPE has established valuable public recognition in the DOPE Marks

25   as identifying DOPE as a trusted source of high quality street-wear fashion and

26   accessories.

27   **B.    Defendants' Unfair Competition and Improper Trade Upon the DOPE**

28   **       Marks and DOPE's Good Will and Reputation**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

19.    Defendants have undertaken a scheme to illegally trade upon DOPE's reputation, good will and intellectual property by, *inter alia*, incorporating the DOPE Marks in its name and line of apparel in order to sell the same street-wear fashion sold by DOPE to DOPE's customer base.

20.    Defendants have unlawfully incorporated the DOPE Marks into various apparel and accessories through the use of the standalone words "DOPEST" and "DOPE," as well as in their corporate name and corporate website, as reflected in Exhibit B.

21.    Through their brazen use of the DOPE Marks, or use of a reproduction, copy or colorable imitation of one or more of the DOPE Marks, Defendants intended to create and created a likelihood of confusion and actual confusion among consumers as to the source of Defendants' goods.

22.    Defendants' continued use of the DOPE Marks, or use of a reproduction, copy or colorable imitation of one or more of the DOPE Marks, in connection with its corporate name, website and sale of street-wear apparel and accessories causes substantial likelihood confusion in the marketplace and unlawfully trades on DOPE's intellectual property, name and reputation.

**C.    DOPE's Cease and Desist Letter**

23.    DOPE repeatedly notified Defendants of their infringement of the DOPE Marks.  Despite actual notice of these cease and desist demands, Defendants have intentionally and deliberately continued to infringe on the DOPE Marks, further underscoring their willfulness.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**ALLEGATION OF IRREPARABLE HARM**

2          24.     By reason of Defendants' acts, DOPE has suffered and will continue to

3     suffer damage to its business, reputation and goodwill, and the loss of sales and

4     profits it could have realized but for Defendants' misconduct.  Unless restrained

5     and enjoined, Defendants will continue to engage in the acts complained of and

6     irreparably damage DOPE.  DOPE's remedy at law is not adequate to compensate it

7     for all the resulting injuries arising from Defendants' misconduct.

8

9          **FIRST CLAIM FOR RELIEF**

10     **Trademark Infringement and Counterfeiting in**

11     **Violation of Lanham Act § 32, 15 U.S.C. § 1114**

12          25.     DOPE realleges and incorporates by reference herein paragraphs 1

13     through 24, inclusive, of this Complaint as though fully set forth in full herein.

14          26.     At all relevant times, Defendants have used unauthorized

15     reproductions and/or imitations of the DOPE Marks in connection with the sale,

16     offering for sale, distribution, and/or advertising of goods and services in a manner

17     likely to cause confusion and/or mistake and/or to deceive.

18          27.     Defendants have reproduced, copied and/or imitated the DOPE Marks

19     and have applied such reproduction, copy and/or colorable imitations to signs,

20     displays, advertisements, promotional materials, packaging, website content, and

21     other materials used in commerce in connection with the sale, offering for sale,

22     distribution, or advertising of goods and services in a manner likely to cause

23     confusion and/or mistake and/or to deceive.

24          28.     Defendants are acting and have acted with knowledge that their

25     copying and use of the DOPE Marks is unauthorized and unlawful and with the

26     intent to cause confusion and/or mistake and/or to deceive.

27          29.     Defendants' trademark infringement has caused and, unless restrained

28     and enjoined by this Court, will continue to cause substantial, immediate and

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

irreparable injury to DOPE's business, reputation and goodwill for which it is without an adequate remedy at law.

30.     As a direct and proximate result of Defendants' intentional and willful violation of 15 U.S.C. § 1125(a), DOPE has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S.C. § 1125(c)(2), and to disgorgement of Defendants' unlawful gains and profits.

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition and False Designation of Origin**

**in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

31.     DOPE realleges and incorporates by reference herein paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth in full herein.

32.     Defendants' unlawful copying and use of the DOPE Marks in connection with its clothing products and trade name constitute false and misleading designations of origin and false and misleading representations of facts, which:

      A.     Are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with DOPE, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by DOPE; and/or

      B.     Misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

33.     Defendants' misconduct in violation of 15 U.S.C. § 1125(a) has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to DOPE's business, reputation, and goodwill for which it is without an adequate remedy at law.

34.     As a direct and proximate result of Defendants' intentional and willful violation of 15 U.S.C. § 1125(a), DOPE has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S.C. § 1125(c)(2), and to disgorgement of Defendants' unlawful gains and profits.

## THIRD CLAIM FOR RELIEF

### Federal Trademark Dilution in

### Violation of Lanham Act § 43(c), 15 U.S.C. § 1125(c)

35.     DOPE realleges and incorporates by reference herein paragraphs 1 through 34, inclusive, of this Complaint as though fully set forth in full herein.

36.     The DOPE Marks are distinctive and famous throughout the United States.  After the DOPE Marks became famous, Defendants used and are using a mark in its trade name and products and in its advertising that is identical or virtually identical to the DOPE Marks.

37.     DOPE is informed and believes and on that basis alleges that Defendants acted with knowledge of the fame and reputation of the DOPE Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

38.     Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the DOPE Marks, to lessen the ability of the DOPE Marks to identify and distinguish the DOPE's products.

39.     As a result of Defendants' violation of 15 U.S.C. § 1125(c), DOPE has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, DOPE will continue to suffer irreparable damage and injury to its reputation and goodwill.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

40.     Because Defendants acted willfully and intentionally to trade on DOPE's reputation and/or cause dilution of DOPE's famous trademark, DOPE is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### Common Law and Statutory Trade Name Infringement

41.     DOPE realleges and incorporates by reference herein paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth in full herein.

42.     Defendants have engaged in trade name infringement under the common and statutory law of the State of California, California Business and Professions Code § 14402, *et seq.*

43.     Defendants have intentionally deceived the public by misrepresenting that their services and/or its products are in some way sponsored or authorized by DOPE under its DOPE Marks.

44.     Defendants' acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

45.     As a proximate result of Defendants' acts, DOPE has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, DOPE will continue to suffer irreparable damage and injury to its reputation and goodwill.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition in Violation of

### California Business & Professions Code § 17200, *et seq.*

46.     DOPE realleges and incorporates by reference herein paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth in full herein.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

47.     Defendants' misconduct in trading upon DOPE's goodwill and reputation constitute an unlawful, unfair and fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq*.

48.     As a direct and proximate result of Defendants' unfair, unlawful and illegal business practices, DOPE has suffered irreparable harm to its reputation and goodwill.  As such, DOPE is entitled to injunctive relief as set forth herein.

### SIXTH CLAIM FOR RELIEF

**Common Law Unfair Competition**

49.     DOPE realleges and incorporates by reference herein paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth in full herein.

50.     Defendants' sale, use and imitation of the DOPE Marks constitutes infringement, copying, imitation, and misappropriation of DOPE's intellectual property, unjust enrichment of Defendants, as well as unfair competition with DOPE in violation of DOPE's rights under the common law of the state of California and other states of the United States.

51.     Defendants' willful conduct outlined herein has unjustly enriched Defendants in violation of DOPE's rights.  As such, DOPE is entitled to injunctive relief and monetary damages according to proof at trial.

### SEVENTH CLAIM FOR RELIEF

**Dilution in Violation of**

**California Business & Professions Code § 14247, *et seq*.**

52.     DOPE realleges and incorporates by reference herein paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth in full herein.

53.     The DOPE Marks are distinctive and famous throughout the United States.  After the DOPE Marks became famous, Defendants used and are using a

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

mark in their trade name and products and in its advertising that is identical or virtually identical to the DOPE Marks.

54.     DOPE is informed and believes and on that basis alleges that Defendants acted with knowledge of the fame and reputation of the DOPE Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

55.     Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the DOPE Marks, to lessen the ability of the DOPE Marks to identify and distinguish DOPE's products.

56.     As a result of Defendants' violation of California Business and Professions Code §§ 14247, *et seq*., DOPE has and continues to suffer damages according to proof at trial.  Further, unless Defendant is restrained, DOPE will continue to suffer irreparable damage and injury to its reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, DOPE prays for judgment in its favor and against Defendants, including but not limited to, the following relief:

1.     A preliminary and permanent injunction enjoining Defendant, its members, officers, principals, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement and/or dilution of the DOPE Marks and from any further acts of unfair competition.

2.     For an award of damages in an amount according to proof at trial;

3.     For an accounting to DOPE for any and all profits derived by Defendants from the unlawful acts complained of herein, and for disgorgement of those profits;

1    4.    For an award of statutory damages;

2    5.    For reasonable attorneys' fees;

3    6.    For costs in this lawsuit;

4    7.    For interest as allowed by law; and

5    8.    For such further relief as the Court deems just and proper.

6

7    Dated:  March 14, 2018          **ROBINS KAPLAN LLP**

8                                    By:   /s/ David Martinez

9                                         David Martinez

10                                   **Attorneys for Plaintiff, EPOD America, LLC, dba Dope**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

DOPE hereby demands a trial by jury.

Dated:  March 14, 2018          **ROBINS KAPLAN LLP**

By:   /s/ David Martinez
          David Martinez
**Attorneys for Plaintiff, EPOD America, LLC, dba Dope**

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

61411112.1

- 18 -

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND COUNTERFEITING

# EXHIBIT A























































# EXHIBIT B







































































**Exhibit B, Page 60**








































**Exhibit B, Page 66**












